### CONANT *v.* SPARKS.

In a judgment creditor's bill, it was averred that on the same day the judgment was recovered, a *fi. fa.* was "sued out and prosecuted," and that before delivery it was endorsed " and was then delivered to the said sheriff to be executed in due form of law :" *Held,* to be a sufficient averment of delivery to the sheriff before the return day.

Also, where the allegation was (relating to a joint judgment) that the sheriff returned that M. & S. had no goods, &c.: *Held,* that this was sufficient to show a want of individual as well as joint goods, &c.

Likewise, as to the averment of no collusion between complainant and defendant: *Held,* that this has reference only to a defendant in the bill, and not to all the defendants in the judgment.

*May* 16, 1837.

*Pleading.*
*Judgment*
*Creditor's*
*bill.*

JUDGMENT creditor's bill ; and to which a demurrer was interposed. The points whereon it was attempted to be sustained, appear sufficiently in the opinion of the court. It may be well, however, to say that the judgment was a joint one, obtained against McDonell, who was not made a defendant, as well as against Daniel Sparks who was the sole party defendant.

Mr. *Stebbins,* in support of the demurrer.

Mr. *Hutchinson,* for the complainant.

*August* 14.    THE VICE-CHANCELLOR :—The bill has reference to a judgment recovered by the complainant against McDonell and the defendant Daniel Sparks on the twenty-eighth day of December, one thousand eight hundred and thirty-five ; and avers that, on the same day, a writ of *fieri facias* was "sued and prosecuted" out of the court in which the judgment was obtained, for the purpose of getting satisfaction of such judgment, directed to the sheriff, &c., and by which writ the sheriff was commanded to levy, &c., and that he should have the money before the judges of the court on the twenty-ninth day of December, one thousand eight hundred and thirty-five, to

satisfy the judgment; and that, before the writ was delivered to the sheriff, it was duly endorsed with a direction to the sheriff as to the sum to be levied with interest, "and was then delivered to the said sheriff to be executed in due form of law." I am of opinion that this amounts to a sufficient averment of the delivery of the writ to the sheriff before the return day; and that the demurrer, on this ground, is not well taken.

The bill then states that, on the second day of January, one thousand eight hundred and thirty-six, the sheriff returned on the writ to him in that behalf directed and delivered as aforesaid, that McDonell and Sparks had no goods, chattels or real estate whereof he could make the amount of the judgment and interest or any part thereof, or to such purport and effect. This, it is said, only shows that the defendants had no joint property; not that they possessed no separate or individual property; and hence that the averment does not show the legal remedy to be exhausted, because it should appear that neither of them had any property which the sheriff could find. I think, however, that the allegation of the sheriff's return is sufficiently particular for the purposes of pleading. It must be presumed that the sheriff performed his duty by seeking for property of each of the defendants, as well as joint property of theirs; and that, by returning they had no property whereof he could make the amount of the judgment or any part thereof, he meant to say they had, neither jointly nor individually, any such property. The return, as it is averred, will bear this construction. In pleading, certainty to a common intent is sufficient. This will let in evidence; and if the defendant can gainsay it, let him aver the contrary by plea or answer and prove it.

The next point taken in support of the demurrer is, that the bill avers there is no collusion with Sparks merely, whereas the other defendant in the judgment, McDonell, should have been included. But Sparks alone is made a defendant to this bill, under an averment that McDonell is wholly insolvent, destitute and irresponsible. The 189th rule requires that this sort of bill should contain an allegation that the same is not exhibited by collusion with the defendant. This means the

defendant or defendants to the bill; and there is no reason why it should be extended to any one who is not made a defendant here. The purpose of exhibiting a bill against one of a number of joint debtors can never be to protect the property of others of the debtors against the claims of other creditors. It cannot have that effect. Hence, there is no necessity for so broad an allegation.

The demurrer must be overruled, with costs; and the defendant will have to answer the bill within twenty days.